UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Carrington Mortgage Services, LLC** | CIVIL ACTION NO: |
| **Plaintiff** | <u>COMPLAINT</u> |
| vs. | RE:<br>565 Main Street, Lewiston, ME 04240 |
| **Mark Polley and Christina Polley and Thomas M. Mangan** | |
| **Defendants** | Mortgage:<br>September 29, 2008<br>Book 7540, Page 220 |
| **Midland Funding LLC**<br>**Electricity Maine, LLC**<br>**Maine Department of Health and Human Services, (DHHS) Division of Support and Recovery** | |
| **Parties-in-Interest** | |

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Mark Polley and Christina Polley, as follows:

<u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, Carrington Mortgage Services, LLC and the Defendants, Mark Polley and Christina Polley, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars and zero cents ($75,000.00), exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Carrington Mortgage Services, LLC, in which the Defendants are the obligor and the total amount owed under the terms of the Note is One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Carrington Mortgage Services, LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, California 92806

5. The Defendant, Christina Polley, is a resident of Lewiston, County of Androscoggin and State of Maine.

6. The Defendant, Mark Polley, is a resident of Lewiston, County of Androscoggin and State of Maine.

7. The Defendant, Thomas M. Mangan, is a resident of Saco, County of York, and State of Maine

8. The Party-in-Interest, Midland Funding, LLC, is located at 227 W. Trade Street, Suite 1610, Charlotte, NC 28202.

9. The Party-in-Interest, Electricity Maine, LLC, is located at 306 Rodman Road, Auburn, ME 04210.

10. The Party-in-Interest, Maine Department of Health and Human Services (DHHS), Division of Support and Recovery, is located at 200 Main Street, Lewiston, ME 04240.

## FACTS

11. On September 28, 2008, by virtue of a Warranty Deed from Normand Rousseau, which is recorded in the Androscoggin County Registry of Deeds in **Book 7540, Page 218**, the property situated at 565 Main Street, County of Androscoggin, and State of Maine, was conveyed to the Defendants, Mark Polley and Christina Polley, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On September 29, 2008, the Defendants, Mark Polley and Christina Polley, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $109,183.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on September 29, 2008, the Defendants, Mark Polley and Christina Polley, executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 565 Main Street, Lewiston, ME 04240 which Mortgage is recorded in the Androscoggin County Registry of Deeds in **Book 7540, Page 220**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated August 15, 2013 and recorded in the Androscoggin County Registry of Deeds in **Book 8748, Page 298**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The transfer of all the rights contained in the Mortgage to the Plaintiff, Carrington Mortgage Services, LLC is further ratified and confirmed by the Quitclaim Assignment dated September 2, 2014 and recorded in the Androscoggin County Registry of Deeds in **Book 9231, Page 308.** *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

16. Thomas M. Mangan is a Defendant pursuant to a Writ of Execution in the amount of $4,539.11 dated May 24, 2006, recorded in the Androscoggin County Registry of Deeds in **Book 6814, Page 265** which, upon information and belief, has been paid in full and should have been discharged.

17. Midland Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,010.77 dated July 17, 2012, which is recorded in the Androscoggin County Registry of Deeds in **Book 8464, Page 34** and is in second position behind plaintiff's Mortgage.

18. Electricity Maine, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,183.65 dated December 4, 2014, which is recorded in the Androscoggin County Registry of Deeds in **Book 9062, Page 1** and is in third position behind Plaintiff's Mortgage.

19. Maine Department of Health and Human Services (DHHS), Division of Support and Recovery, is a Party-in-Interest pursuant to a Notice of Support Lien in the amount of $4,118.02 dated October 6, 2016, which is recorded in the Androscoggin County Registry of Deeds in **Book 9475, Page 3** and is in fourth position behind Plaintiff's Mortgage.

20. On February 17, 2016, the Defendants, Mark Polley and Christina Polley, were sent a Notice of Mortgagor's Right to Cure, which was received on February 26, 2016. *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendants, Mark Polley and Christina Polley, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F,

22. The Defendants, Mark Polley and Christina Polley, have failed to cure the default prior to the expiration of the Demand Letter.

23. The Plaintiff, Carrington Mortgage Services, LLC is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, Carrington Mortgage Services, LLC is the lawful holder and owner of the Note and Mortgage.

25. The total debt owed under the Note and Mortgage as of January 31, 2017, if no payments are made, is One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), which includes unpaid Principal Balance in the amount of One Hundred One Thousand Seven Hundred Ninety Five Dollars and Sixty Eight Cents ($101,795.68); Interest in the amount of Twenty Thousand Three Hundred Ninety Three Dollars and Eighty Eight Cents ($20,393.88); Escrow Balance in the amount of Five Thousand Nine Hundred Fourteen Dollars and Seventy Three Cents ($5,914.73); Late Charges in the amount of One Thousand Seventy Six Dollars and Forty Cents ($1,076.40); Corporate Advances in the amount of One Thousand Two Hundred Sixty Eight Dollars and Zero Cents ($1,268.00); Expense Advance in the amount of One Thousand Five Hundred

Four Dollars and Twenty Eight Cents ($1,504.28); Attorney Fees and Costs in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00).

26. Upon information and belief, the Defendants, Mark Polley and Christina Polley, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

27. Carrington Mortgage Services, LLC repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure respecting a real estate related Mortgage and title located at 565 Main Street, Lewiston, County of Androscoggin, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Carrington Mortgage Services, LLC, is the holder of the Note referenced in Paragraph 12 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff has the right to foreclosure upon the subject property.

30. The Plaintiff, Carrington Mortgage Services, LLC is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendants, Mark Polley and Christina Polley, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of January 31, 2017, if no payments are made, is One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), which includes unpaid Principal Balance in the amount of One Hundred One Thousand Seven Hundred Ninety Five Dollars and Sixty Eight Cents

($101,795.68); Interest in the amount of Twenty Thousand Three Hundred Ninety Three Dollars and Eighty Eight Cents ($20,393.88); Escrow Balance in the amount of Five Thousand Nine Hundred Fourteen Dollars and Seventy Three Cents ($5,914.73); Late Charges in the amount of One Thousand Seventy Six Dollars and Forty Cents ($1,076.40); Corporate Advances in the amount of One Thousand Two Hundred Sixty Eight Dollars and Zero Cents ($1,268.00); Expense Advance in the amount of One Thousand Five Hundred Four Dollars and Twenty Eight Cents ($1,504.28); Attorney Fees and Costs in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00).

33. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the Mortgaged premises at issue herein.

34. By virtue of the Defendants' breach of condition, the Plaintiff, Carrington Mortgage Services, LLC hereby demands a foreclosure on said real estate.

35. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Mark Polley and Christina Polley, on February 17, 2016, and received on February 26, 2016. *See* Exhibit F

36. The Defendants, Mark Polley and Christina Polley, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, Carrington Mortgage Services, LLC repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On September 29, 2008, the Defendants, Mark Polley and Christina Polley, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $109,183.00. *See* Exhibit B.

39. The Defendants, Mark Polley and Christina Polley, are in default for failure to properly tender the February 1, 2014 payment and all subsequent payments. *See* Exhibit F.

40. The Plaintiff, Carrington Mortgage Services, LLC is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Mark Polley and Christina Polley.

41. The Defendants, Mark Polley and Christina Polley, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants, Mark Polley and Christina Polley's breach is knowing, willful, and continuing.

43. The Defendants, Mark Polley and Christina Polleys breach has caused the Plaintiff, Carrington Mortgage Services, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of January 31, 2017, if no payments are made, is One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), which includes unpaid Principal Balance in the amount of One Hundred One Thousand Seven Hundred Ninety Five Dollars and Sixty Eight Cents ($101,795.68); Interest in the amount of Twenty Thousand Three Hundred Ninety Three Dollars and Eighty Eight Cents ($20,393.88); Escrow Balance in the amount of Five Thousand Nine Hundred Fourteen Dollars and Seventy Three Cents ($5,914.73); Late Charges in the amount of One Thousand Seventy Six Dollars and Forty Cents ($1,076.40); Corporate Advances in the amount of One Thousand Two Hundred Sixty Eight Dollars and Zero Cents ($1,268.00); Expense Advance in the amount of One Thousand Five Hundred Four Dollars and Twenty Eight Cents ($1,504.28); Attorney Fees and Costs in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00).

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, Carrington Mortgage Services, LLC repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendants, Mark Polley and Christina Polley, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $109,183.00 to the Defendants.  *See* Exhibit B.

48. As part of this contract and transaction, the Defendants, Mark Polley and Christina Polley executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

49. The Plaintiff, Carrington Mortgage Services, LLC is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

50. The Defendants, Mark Polley and Christina Polley, have breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2014, payment and all subsequent payments.  *See* Exhibit F.

51. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Mark Polley and Christina Polley.

52. The Defendants, Mark Polley and Christina Polley, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

53. The Defendants, Mark Polley and Christina Polley, are indebted to Carrington Mortgage Services, LLC in the sum of One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), for money lent by Plaintiff, Carrington Mortgage Services, LLC to the Defendants, Mark Polley and Christina Polley.

54. The Defendants Mark Polley and Christina Polley's breach is knowing, willful, and continuing.

55. The Defendants, Mark Polley and Christina Polley's breach has caused the Plaintiff, Carrington Mortgage Services, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of January 31, 2017, if no payments are made, is One Hundred Thirty Three Thousand One Hundred Fifty Two Dollars and Ninety Seven Cents ($133,152.97), which includes unpaid Principal Balance in the amount of One Hundred One Thousand Seven Hundred Ninety Five Dollars and Sixty Eight Cents ($101,795.68); Interest in the amount of Twenty Thousand Three Hundred Ninety Three Dollars and Eighty Eight Cents ($20,393.88); Escrow Balance in the amount of Five Thousand Nine Hundred Fourteen Dollars and Seventy Three Cents ($5,914.73); Late Charges in the amount of One Thousand Seventy Six Dollars and Forty Cents ($1,076.40); Corporate Advances in the amount of One Thousand Two Hundred Sixty Eight Dollars and Zero Cents ($1,268.00); Expense Advance in the amount of One Thousand Five Hundred Four Dollars and Twenty Eight Cents ($1,504.28); Attorney Fees and Costs in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,200.00).

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

58. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned the Defendants, Mark Polley and Christina Polley, $109,183.00. *See* Exhibit B.

60. The Defendants, Mark Polley and Christina Polley, are in default for failure to properly tender the February 1, 2014 payment and all subsequent payments. *See* Exhibit F.

61. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Mark Polley and Christina Polley, have been unjustly enriched at the expense of the Plaintiff, Carrington Mortgage Services, LLC.

62. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

63. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 62 as if fully set forth herein.

64. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned the Defendants, Mark Polley and Christina Polley, $109,183.00. *See* Exhibit B.

65. The Defendants, Mark Polley and Christina Polley, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

66. As a result, the Defendants, Mark Polley and Christina Polley, have been unjustly enriched to the detriment of the Plaintiff, Carrington Mortgage Services, LLC as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.
67. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Carrington Mortgage Services, LLC, prays this Honorable Court:

a) Find that the Writ of Execution in the amount of $4,539.11 dated May 24, 2006 recorded in **Book 6814, Page 265** is paid in full and discharged;

b) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

c) Grant possession to the Plaintiff, Carrington Mortgage Services, LLC, of the subject property, upon the expiration of the period of redemption;

d) Find that the Defendants, Mark Polley and Christina Polley, are in breach of the Note by failing to make payment due as of February 1, 2014, and all subsequent payments;

e) Find that the Defendants, Mark Polley and Christina Polley, are in breach of the Mortgage by failing to make payment due as of February 1, 2014, and all subsequent payments;

f) Find that the Defendants, Mark Polley and Christina Polley, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Mark Polley and Christina Polley, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2014 and all subsequent payments;

h) Find that Plaintiff, Carrington Mortgage Services, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the Note and Mortgage, the Defendants, Mark Polley and Christina Polley, have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, Carrington Mortgage Services, LLC to restitution;

k) Find that the Defendants, Mark Polley and Christina Polley, are liable to the Plaintiff, Carrington Mortgage Services, LLC for money had and received;

l) Find that the Defendants, Mark Polley and Christina Polley, are liable to the Plaintiff, Carrington Mortgage Services, LLC, for quantum meruit;

m) Find that the Defendants, Mark Polley and Christina Polley, have appreciated and retained the benefit of the Mortgage;

n) Find that it would be inequitable for the Defendants, Mark Polley and Christina Polley, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

o) Find that the Plaintiff, Carrington Mortgage Services, LLC is entitled to restitution for this benefit from the Defendants, Mark Polley and Christina Polley;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendants, Mark Polley and Christina Polley, and in favor of the Plaintiff, Carrington Mortgage Services, LLC in the amount of One Hundred Thirty Three Thousand One Hundred Fifty Two Thousand Dollars and Ninety Seven Cents ($133,152.97), the total debt owed under the Note plus interest and costs including attorney's fees and costs; and

r) For such other and further relief as this Honorable Court deems just and equitable.

                                              Respectfully Submitted,
                                              Carrington Mortgage Services, LLC,
                                              By its attorneys,

Dated: February 15, 2017

                                              <u>/s/ John A. Doonan</u>
                                              John Doonan, Esq. (BBO# 3250)
                                              Doonan, Graves & Longoria, LLC
                                              100 Cummings Center, Suite 225D
                                              Beverly, MA 01915
                                              (978) 921-2670